# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60118-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHADDY WHITTAKER,

        Defendant.
_____/

## ORDER

This matter is before the Court upon Defendant Shaddy Whittaker's Motion to Return Property Pursuant to Federal Rules of Criminal Procedure 41(g) [D.E. 52], upon Order of Referral by the Honorable William J. Zloch. *See* D.E. 53. The Court has reviewed Defendant's Motion, The Government's initial Response [D.E. 55], and the Government's Supplemental Response [D.E. 57], as well as the record and now grants in part and denies in part Defendant's Motion for the reasons set forth below.

### *I. Background*

Defendant pled guilty to charges of drug-trafficking, carrying and possession of a firearm in furtherance of a drug-trafficking offense, and possession of a firearm by a convicted felon. *See* D.E. 37; D.E. 38. In support of his guilty plea, Defendant signed a Factual Proffer that identified the firearms involved as a 20-gauge model 550c Mossberg shotgun, serial number 1020622, and a .32-caliber Police model P Colt revolver, serial number 129010. *See* D.E. 38-1.

On March 10, 2011, the Court entered a Final Order of Forfeiture in which it noted that Defendant "in open court agreed to the forfeiture of the firearms . . . ." D.E. 47. Accordingly, the Court declared them forfeited. *See id.*

Defendant now apparently seeks the return of such firearms and other property seized by the Government during the execution of a search warrant in this case. In his Motion to Return Property, Defendant asks for the return of (1) identification and credit cards; (2) two cellular telephones; (3) keys; (4) an iPod; (5) a Dell computer; (6) a Western Union document; (7) a DVR system; (8) a Philips flat-screen television; (9) and unspecified amount of United States currency; and (10) "[a]ny and [a]ll [o]ther [l]awful [i]tems [s]eized." D.E. 52 at 2. While Defendant does not expressly request the return of the firearms seized in this case, the Court construes Defendant's unlimited tenth request to seek their return from the Government.

In response, the Government states the Drug Enforcement Administration ("DEA") still maintains Defendant's cellular telephones, keys, and a receipt for a Western Union transaction, and the Broward Sheriff's Office ("BSO") still has possession of Defendant's Philips flat-screen television, iPod, Dell computer, and DVR system. *See* D.E. 55; D.E. 57. According to the Government's Responses, upon an order of this Court, the Government will release these items to an individual of Defendant's choosing, through DEA Special Agent Daniel Linares and BSO Detective Said Jadallah. *See* D.E. 55; D.E. 57. As for the United States currency sought by Defendant, the Government proffers that

> a thorough review by the Asset Forfeiture Division of the U.S. Attorney's Office of the administrative and criminal forfeitures in this matter determined that no 'U.S. Currency' was ever forfeited in this case by either the Broward Sheriff's Office or the Drug Enforcement Agency, only weapons. Additionally, the complaint affidavit

> originally filed with this Court, which refers to the items found in the residence, confirms the lack of currency and do[e]s not reference any currency found in the residence, nor do[] any of the property receipts according to BSO Detective . . . Jadallah . . . or DEA Special Agent . . . Linares . . . . Therefore, there is no currency to return.

D.E. 57.

## *II. Discussion*

"A motion to return seized property under Fed. R. Crim. P. 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). The Court considers Defendant's Motion with respect to each item identified.

As the Government does not object to the return of Defendant's two cellular telephones, keys, iPod, Dell computer, Western Union document, DVR system, and Philips flat-screen television, the Court grants Defendant's Motion with respect to these items and orders the Government to release these items to an appropriate representative of Defendant's choosing within seven days of Defendant's identification of that individual.

To the extent that Defendant seeks return of the firearms, as noted above, the Court has entered a Final Order of Forfeiture, and Defendant has suggested no reason why that order should be vacated. Furthermore, in the Eleventh Circuit, a convicted felon is not entitled to the return of seized firearms, either directly or indirectly. *Howell*, 425 F.3d at 976-77. As a result, Defendant's Motion to Return Property is denied as it relates to the two firearms.

As for the United States currency, Defendant has provided no details about the allegedly seized currency, including the amount, the location from which it was supposedly seized, or any other information. Moreover, the Government denies that it ever seized any United States currency.

And, as the Government suggests, conspicuously absent from the Complaint Affidavit [D.E. 1] in this case is any reference to United States currency, although the affiant of the Complaint Affidavit listed items seized from Defendant's residence in an effort to establish probable cause for Defendant's arrest. Under these circumstances, the Court denies Defendant's Motion to Return Property as it relates to United States currency.

Defendant similarly has not provided any identifying information regarding the "I.D. Cred[i]t Cards" that he seeks to have returned. Unlike with the United States currency, however, the Government has not indicated whether it possesses any such items. Under these circumstances, the Court denies without prejudice this aspect of Defendant's Motion. Should Defendant provide further identifying details of the "I.D. Cred[i]t Cards" that he seeks to have returned, the Court will consider his request. Unless and until he does so, however, Defendant's Motion is denied as it relates to these items.

### *III. Conclusion*

For the foregoing reasons, Defendant's Motion to Return Property [D.E. 52] is **GRANTED IN PART and DENIED IN PART**, consistent with the terms of this Order.

**DONE AND ORDERED** this 18th day of May 2012.

	ROBIN S. ROSENBAUM
	UNITED STATES MAGISTRATE JUDGE

cc:	Hon. William J. Zloch

	Counsel of Record

	Shaddy Whittaker
	Reg. No. 91392-004

FCC Coleman Medium
P.O. Box 1032
Coleman, Florida 33521